Lisa C. Thompson #016794
Mailing Address:
31 North 6th Avenue #105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989.6269
MAIL@DCKTRUSTEE.COM

Attorney for Dianne Crandell Kerns, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GRACE NICOLE SOTO,<br><br>Debtor. | CHAPTER 13 PROCEEDINGS<br><br>Case No. 4:25-bk-05040-BMW<br><br>**TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED**<br><br>**RE: ORIGINAL PLAN (DKT #17)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on September 8, 2025, and submits the following evaluation and recommendations:

**Specific Requirements:**

1. <u>Plan Payments</u>. Debtor has made payments in the total amount of $0.00. **Debtor is delinquent in the amount of $5,550.00, representing 3 months through September 8, 2025.** Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to <u>www.ndc.org.</u> In general, the information on this website is 24-hours old.

2. Tax Refunds. If Debtor receives a tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan. Trustee objects to confirmation because the plan does not include the language requiring turnover of the tax refund, as described.

3. Filed Proofs of Claim. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **Trustee objects to the treatment of these proofs of claim. This objection may be resolved by: (1) amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan; (2) securing the creditor's signature on the SOC; or (3) filing a response to the objection, setting a hearing and obtaining an order**: **ADOR, IRS and SELECT PORTFOLIO**. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.

4. ADOR Proof of Claim 3. Trustee objects to confirmation as ADOR has filed a priority proof of claim in the amount of $2,816.00. The proof of claim has estimated amounts owed due to the non-filing of Debtor's 2023-2024 tax returns. This objection may be resolved by providing proof that said returns have been filed or filing Debtor's 2023-2024 tax returns and having the proof of claim amended or by filing an objection to the proof of claim followed by an order. **Please note that if the returns have not been filed, confirmation of the plan may be prohibited due to §§ 521, 1308 and 1325**.

5. IRS Proof of Claim 6. Trustee objects to confirmation as the IRS has filed a priority proof of claim in the amount of $16,250.00. The proof of claim has estimated amounts owed due to the non-filing of Debtor's 2023-2024 tax returns. This objection may be resolved by providing proof that said returns have been filed or filing Debtor's 2023-2024 tax returns and having the proof of claim amended or by filing an objection to the proof of claim followed by an order. **Please note that if the returns have not been filed, confirmation of the plan may be prohibited due to §§ 521, 1308 and 1325**.

6. Select Portfolio Proof of Claim 9. Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $30,634.23 for home arrears on Debtor's 1st mortgage on property at 809 N Anita Ave., Tucson AZ 85705 and Debtor's plan provides to pay $28,000.00 in home arrears. This objection may be resolved by addressing the home arrears proof of claim and the amounts filed by Creditor and have order confirming match the home arrears claim or file an objection to the proof of claim followed by an order.

7. Moratorium in Conduit Plan. In the event that the mortgage lender charges late fees or additional interest on payments made on post-petition arrearages, a lump sum payment may be required at the end of the plan in order to cure all post-petition arrearages accrued which were not paid through the plan payments.

8. Mortgage Payment for Select Portfolio. Trustee objects to confirmation because Debtor's plan proposes mortgage payments of $995.00 a month; however, Trustee has received Creditor's proof of claim, and the proof of claim states a different amount of $1,035.48 a month. This objection may be resolved by Debtor's Attorney correcting Debtor's mortgage payment.

9. Plan Summary Section (I)(4)(a). Trustee objects to confirmation as Debtor's plan summary section (I) states the total amount to be paid to ongoing mortgage payments will be $59,700.00; however, Trustee calculates that the total will need to be $62,126.80. This objection may be resolved by increasing the plan funding sufficiently to satisfy the total calculated by Trustee.

10. Tax Returns that have not been filed. Trustee objects to confirmation as the Court is unable to confirm this plan under the provisions of 11 U.S.C. §§ 1308 and 1325(a)(9). This objection may be resolved by filing the respective returns for assessment of the tax liabilities so that the funding of the plan can be certain. **Debtors have 30 days to have the tax authorities withdraw their claims, file the missing returns, and provide documentation of filing to the Trustee or obtain relief under § 1308. Otherwise, the case will be dismissed. LRBP Rule 2084-5.**

11. TitleMax. Trustee objects to confirmation as Debtor's plan provides adequate protection payments to TitleMax; however, then plan states Debtor will surrender collateral to TitleMax. This objection may be resolved by Debtor's Attorney removing the adequate protection payments to TitleMax.

12. Unfiled Proofs of Claim. To date the following creditors listed in the Plan have not filed proofs of claims: **LOUIS A BANKS & EDDICE CORNELIUS**. Trustee reserves the right to supplement or amend this paragraph.

13. Louis A Banks & Eddice Cornelius. Trustee objects to confirmation as Debtor's Schedule D lists a debt with the Louis A Banks & Eddice Cornelius in the amount of $500,917.77 that the Debtor's plan does not address. This objection may be resolved by Debtor's Attorney addressing Debtor's intentions regarding Creditor and debt owed to Creditor.

14. Documents Requested by Trustee. Any requested documentation must be uploaded via bkdocs.us within 30 days. Counsel is encouraged to summarize such documentation and explain why it satisfies the concerns raised herein.

\*\*\*

\*\*\*

\*\*\*

15. <u>Tax Returns</u>.  Trustee objects to confirmation as the following documents must be provided **within 30 days**: a copy of Debtor's 2023-2024 tax returns. Such documents Debtor shall provide via Debtor's Attorney to <u>bkdocs.us</u> with a cover letter outlining and describing the documents. This objection may be resolved by submitting Debtor's 2023-2024 tax returns via their Attorney. Nothing in this document alters Debtor's obligations under applicable law and Trustee expressly reserves the right to seek other remedies.

16. <u>Notarized Affidavit of No Trade Credit</u>.  Trustee objects to confirmation because Debtor has not provided her office with a notarized affidavit of no trade credit regarding Debtor's business. This objection may be resolved by providing via Debtor's Attorney through the <u>bkdocs.us</u> a notarized affidavit of no trade credit within **30 days**. If an affidavit of No Trade Credit cannot be provided, Debtor should file a motion seeking to excuse the requirement of a Business Evaluation.

17. <u>Business Operating Reports for the Past 6 Months</u>.  Trustee objects to confirmation because Trustee has not received Debtor's Business Operating Reports that were used to calculate the Form 122C-1 (December 2024 to May 2025). This objection may be resolved by submitting Debtor's Business Operating Reports via Debtor's Attorney through the <u>bkdocs.us</u>.

18. <u>Business Operating Reports</u>. Trustee objects to confirmation because Debtor has failed to file monthly operating reports for self-employment or business in the past 3 months (June 2025 to August 2025 and continuing till confirmed). Local rule 2084-2 requires operating reports to be filed monthly beginning with the month the petition was filed. **If a Debtor timely fails to file the documents, then the court may dismiss the case without further notice or a hearing**, The case Trustee may upload a dismissal order, or a party in interest may file a motion to dismiss the case. This objection may be resolved by filing the required documents via Debtor's Attorney through the <u>bkdocs.us</u>.

19. <u>Business Operating Statements on ECF.</u> Trustee objects to confirmation because Debtor has not complied with Local Rule 2084-2. Business operating statements must be filed for each month until the plan has been confirmed and will also need to file the 6 months prior to filing using Local Form 2084-2: (https://www.azb.uscourts.gov/sites/default/files/BOS_Official_Form_2084-2_FINAL.pdf). This objection may be resolved by Debtor's Attorney uploading Debtor's business operating statements with the Bankruptcy Court.

20. <u>Business Questionnaire</u>.  Trustee objects to the confirmation because Debtor has not completed a Business Questionnaire regarding self-employment. This objection may be resolved by submitting a Business Questionnaire via Debtor's Attorney through the <u>bkdocs.us</u>. This can be found on Trustee's website: http://dcktrustee.com/forms/Standard%20Forms/DCK%20Business%20Examination%20Questionnaire.pdf.

21. Adequate Protection Payments. Trustee objects to confirmation because the requirements of Local Rule 2084-6 (http://www.azb.uscourts.gov/rule-2084-6) have not been met with respect to Ally Capital, hence Trustee is unable to disburse. Debtors or creditors may request adequate protection to be disbursed using the AP Commencement Notice found here: http://www.dcktrustee.com/forms.html. This objection may be resolved by satisfying the requirements of Local Rule 2084-6.

22. Liquidation Analysis: At this time, Trustee believes that the plan **does** purport to satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

23. Projected Disposable Income: At this time, Trustee believes that the plan **does** purport to satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.

24. Plan Funding. Pursuant to the Trustee's calculations, the Chapter 13 Plan is not adequately funded because it does not comply with 11 U.S.C. § 1325(b)(1)(B). Currently the proposed plan has a plan base of $111,000.00, whereas the following is the required funding:

|  | PRINCIPAL | INTEREST | INTEREST RATE |
|---|---|---|---|
| TRUSTEE'S FEES | $13,278.47 | | |
| ATTORNEY'S FEES | $4,500.00 | | |
| FCI LENDER SERVICES INC (CONDUIT) | $62,126.80 | | |
| FCI LENDER SERVICES INC (PRE-PETITION ARREARS) | $30,634.23 | | |
| ALLY CAPITAL | $2,399.12 | $558.15 | (3.5% INTEREST RATE) |
| IRS | $16,250.00 | | |
| ADOR | $2,816.00 | | |
| UNSECURED CLAIM (PER PLAN SUMMARY) | $221.91 | | |
| **PLAN BASE TO FUND CASE** | **$132,784.68** | | |

However, Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding, if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

25. The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

\*\*\*

\*\*\*

26. Objections to Confirmation. Pursuant to Local Rule 2084-10, Debtor shall resolve plan objections by submitting a proposed SOC to the Trustee or by filing an objection and setting a hearing on the objection **within 30 days of this objection/evaluation. If Debtor wishes to confirm by stipulation, all objecting creditors must either (1) withdraw their objection; or (2) sign off on the SOC prior to it being submitted to Trustee**. If the resolution of the objection requires changes which have a materially adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the plan must be amended/modified so as to provide notice to interested parties and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

27. Submission of Proposed SOC. If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. Counsel should also submit a cover letter checklist that goes through every paragraph of this evaluation/objection and details how the issue has been resolved. This Cover Letter Checklist should only be submitted to the Chapter 13 Trustee and should not be filed on the Court's docket.

The Notice, SOC, Cover Letter Checklist, and filing receipt may then be uploaded via bkdocs.us. Trustee will not review a proposed SOC if it does not appear on the court's docket. [1] Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proofs of claim issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. § 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of Debtor's federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. **Tax returns should be uploaded securely via bkdocs.us. Tax returns should not be mailed or emailed directly by the debtor.** This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

RESPECTFULLY SUBMITTED this 11th day of September 2025.

          OFFICE OF THE CHAPTER 13 TRUSTEE
          31 North 6th Avenue #105-152
          Tucson, AZ 85701

          By /s/
            Lisa C. Thompson – AZ #016794
            Staff Attorney for the Chapter 13 Trustee

A copy of the foregoing was filed with the
court and a copy was transmitted via
electronic or first class
mail this 9/11/2025 to:

***

| 1 | GRACE NICOLE SOTO |
| --- | --- |
| 2 | 809 N ANITA AVE |
|  | TUCSON, AZ 85705 |
| 3 | Email: anitastmarket@outlook.com |
|  | Debtor |
| 4 |  |
| 5 | JODY A CORRALES |
|  | DECONCINI MCDONALD YETWIN & LACY PC |
| 6 | 2525 E BROADWAY BLVD |
|  | STE 200 |
| 7 | TUCSON, AZ 85716 |
|  | Email: jcorrales@dmyl.com |
| 8 | Attorney for Debtor |
| 9 | By: AVR |